UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAMILOLA ANIMASHAUN,

    *Plaintiff,*

  -against-

DETECTIVE WILLIAM SCHMIDT;
DETECTIVE ALEX ARTY;
DETECTIVE PEREZ; DETECTIVE
VIGGIANO; NEW YORK POLICE
DEPARTMENT 73RD PRECINCT;
DETECTIVE JEFFERY HAFFENDEN and
NEW YORK POLICE DEPARTMENT'S
BROOKLYN NORTH WARRANTS,

    *Defendants.*
----------------------------------X

**Not for Publication**

**MEMORANDUM & ORDER**

17-CV-3026(KAM)

**MATSUMOTO, United States District Judge:**

    Plaintiff Damilola Animashaun ("plaintiff" or "Animashaun"), who is currently incarcerated at Southport Correctional Facility (*see* ECF No. 10, 7/13/2017 Letter notifying court of change in address), filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983"), seeking damages in the amount of nine hundred million dollars for alleged violations of his constitutional rights arising from his March 28, 2011 arrest in Brooklyn, New York, and his subsequent prosecution in the Supreme Court of New York in Kings County. (*See* ECF No. 1, Complaint dated 4/11/2017 at 15, 18-20.) The court presumes familiarity with the factual and procedural background of plaintiff's claims, which is described in this

court's June 12, 2017 Memorandum and Order, and sets forth only those facts relevant to the instant order. (ECF No. 8, 6/12/2017 Memorandum & Order dismissing plaintiff's claims without prejudice and with leave to file an amended complaint, ("M&O").)

By letter dated June 5, 2017, plaintiff requested that this action be placed "on hold or dismiss[ed] without prejudice" while he prepared an amended complaint. (*See* ECF No. 7, Motion to Stay or Dismiss Complaint and Motion to Amend Complaint, dated 6/5/2017 ("6/5/17 Letter").) The court dismissed plaintiff's complaint without prejudice, by Order dated June 12, 2017, for failure to state a claim on which relief may be granted, and on the grounds that plaintiff's claims were time barred. (*See generally,* M&O.) The court, however, granted plaintiff's request for leave to file an amended complaint, in light of his *pro se* status and his stated intention to "chang[e] the entire complaint." (6/5/17 Letter; *see also* M&O at 13.) In addition, the court cautioned plaintiff that he may not allege time barred claims in his amended complaint. (M&O at 13.)

Plaintiff timely filed an amended complaint on June 26, 2017, and subsequently filed two letters in which he appears to supplement the information asserted in his amended complaint,

through attached documents and further argument. (*See* ECF No. 9, Amended Complaint ("Am. Compl."); ECF No. 11, 9/18/2017 Letter forwarding attachments ("9/18/17 Attachments"); ECF No. 12, 9/18/2017 Letter in regards to Amended Complaint ("9/18/17 Letter").) For the reasons set forth below, plaintiff's amended complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### STANDARD OF REVIEW

Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or [ ] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A complaint must plead

3

sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, a pleading must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read *pro se* complaints liberally and interpret a claim as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Even with a *pro se* plaintiff, however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Therefore, although the court is "obligated to draw the most favorable inferences" that the *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.*

**DISCUSSION**

In his amended complaint and subsequent letters submitted in further support thereof, plaintiff essentially reasserts and seeks reconsideration of his original claims, while attaching additional documentation pertaining to his state court prosecution, including a letter from his attorney, an investigative report from the District Attorney, and a police report. (Am. Compl. at 7-18; 9/18/17 Attachments.) The court has thoroughly reviewed plaintiff's submissions to ascertain whether plaintiff provides any facts that would alter the court's findings in its June 12, 2017 Order, or that could otherwise state a claim on which relief may be granted, and finds that he does not.

First, the court notes, as it did in its prior order, that because plaintiff was convicted in his assault case, he must allege and prove that his state court conviction or sentence has been invalidated before he can seek and recover damages under Section 1983. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated [...] is not cognizable under § 1983.") (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Here, plaintiff has not alleged that his

5

conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (quoting *Heck*, 512 U.S. at 487). Further, although plaintiff clarifies his claim that the alleged absence of an arrest warrant in his robbery case led to the introduction of evidence at his trial for his assault case (9/18/2017 Letter at 2-3), this clarification does not overcome the fact that he was convicted in state court and his conviction has not been invalidated, as set forth above. Indeed, the documents attached to the amended complaint indicate that plaintiff's state court appeal is pending, and plaintiff further states that he filed a motion under New York CPL § 440.10, in February 2017. (*Id.* at 3; Am. Compl. at 7-18.) Thus, because plaintiff's state court conviction has not been invalidated, plaintiff's amended complaint fails to state a claim under Section 1983.

In addition, although plaintiff asserts, as he did in his original complaint, that the statute of limitations should be equitably tolled, due to his lack of awareness that there was no warrant for his arrest in connection with the robbery case, the court finds that plaintiff has failed to demonstrate "rare

and exceptional circumstances" warranting equitable tolling. *See Covington v. New York City Police Dep't,* 471 F. App'x 28, 29 (2d Cir. 2012) (citing *Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005)). Like the February 2, 2017 letter from plaintiff's appellate counsel, which was attached to his original complaint, the additional letters and investigative reports attached to plaintiff's amended complaint do not demonstrate that a warrant in fact did not exist, nor do they demonstrate that plaintiff could not have uncovered his alleged injury during the limitations period through "reasonable diligence." *Id.*

Specifically, the letters from plaintiff's appellate counsel advise plaintiff that the existence of a warrant in connection with his dismissed robbery case may not be relevant to his claims regarding his assault case. (*See* Am. Compl. at 15 ("Please do not assume from this effort [of locating the warrant for plaintiff's robbery case] that I think the warrant is relevant to your sexual assault case."); *see also id.* at 17 (advising plaintiff that even if there was a warrant in the robbery case, this would not necessarily yield an issue on appeal due to the existence of probable cause to arrest plaintiff in the assault case).) Further, as plaintiff notes

7

again in his most recent letter, his claim is based, in the alternative, on an absence of probable cause in the assault case, irrespective of whether there was a warrant in his robbery case. (*See* 9/18/17 Letter at 2.) Thus, the court finds, as it did previously, that plaintiff's claim based on a lack of probable cause was available to him within the limitations period, regardless of whether there was a warrant, and plaintiff nonetheless failed to bring a timely claim.

Based on the foregoing, the court finds that plaintiff's amended complaint fails to cure the deficiencies of his original complaint, noted in the court's prior order, and that the amended complaint, therefore, fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because amendment would be futile. *See Becnel v. Deutsche Bank, AG*, 507 F. App'x 71, 73 (2d Cir. 2013) (Summary Order) (upholding dismissal with prejudice on basis that amendment would be futile because claims would be time-barred even if such amendment were allowed). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

8

Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing this action, serve plaintiff with a copy of this Memorandum and Order, the judgment, and an appeals packet, at the address of record, and to close this case.

**SO ORDERED.**

Dated:   October 25, 2017
         Brooklyn, New York

                                      /s/
                              _____
                              Kiyo A. Matsumoto
                              United States District Judge